IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20598
Summary Calendar

_____


HENRY LEWIS, JR.,

                                        Plaintiff-Appellant,

                        versus

MORRIS JONES, ET AL.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC Nos. H-94-CV-3423 and H-95-CV-845

_____
July 27, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Henry Lewis, Jr., Texas prisoner # 582211, appeals the summary judgment dismissal of his pro se, in forma pauperis consolidated civil rights lawsuits, pursuant to 42 U.S.C. § 1983. Lewis's arguments on appeal are unavailing, and the district court's decision is affirmed.

Lewis initially argues that the district court improperly consolidated his two lawsuits. The two lawsuits Lewis filed involved common issues of law and fact, and the district court

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore did not abuse its discretion in ordering that they be consolidated.  Bottazzi v. Petroleum Helicopters, Inc., 664 F.2d 49, 50 (5th Cir. 1981).  The fact that a defendant was named in one lawsuit and not the other does not, standing alone, render consolidation inappropriate.  Id.

Lewis next argues that the district court's grant of summary judgment was error.  He does not, however, raise any arguments regarding the district court's summary judgment dismissal of his due process claims or his claims against Morris Jones. Consequently, Lewis has abandoned those claims.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(issues must be briefed to be preserved for appeal).

The district court did not err in dismissing Lewis's claim that the defendants violated the Lamar[1] and Ruiz[2] consent decrees because remedial decrees cannot serve as a basis for a claim of damages under § 1983.  Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986); Martel v. Fridovich, 14 F.3d 1, 3 n.4 (5th Cir. 1993). The district court likewise did not err in awarding summary judgment on Lewis's equal protection claims because he failed to create a material factual dispute that the defendants acted with a

---

[1]See Lamar v. Coffield, 951 F.Supp. 629, 630 (S.D. Tex. 1996).

[2]See Ruiz v. Estelle, 503 F.Supp. 1265 (S.D. Tex. 1980), aff'd in part and vacated in part, 688 F.2d 1155 (5th Cir.), amended in part and vacated in part, 688 F.2d 266 (5th Cir. 1982).

discriminatory motive.  See Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995).  Similarly, Lewis failed to create a factual dispute regarding whether the defendants acted with a retaliatory motive, rendering dismissal of his retaliation claims appropriate.  See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995), cert. denied, 516 U.S. 1084 (1996).

The district court did not err in dismissing Lewis's conspiracy claim because he failed to demonstrate by any means other than his own conclusional allegations that the defendants conspired to commit an illegal act.  Dayse v. Shuldt, 894 F.2d 170, 173 (5th Cir. 1990).  Lewis has not adequately briefed his argument that the district court erred in dismissing his remaining claims against the defendants who were not served, and it is therefore deemed abandoned.  See Yohey, 985 F.2d at 224-25.

A F F I R M E D.